## ISSUE AS TO WHETHER INJURED BOY WAS A TRESPASSER.

Court of Appeals for Hamilton County.

THE CINCINNATI UNION BETHEL v. JOHN EDWARD BRYSON SCHY,
A MINOR THIRTEEN YEARS OF AGE, ET AL.

Decided, December 6, 1915.

*Fire Escape Falls and Injures Boy—Defense by Occupant of the Property that the Boy Was Meddling—Accuracy of Statement Required in Instructing a Jury Where the Issues Are Close and the Testimony Nearly Equally Balanced.*

1. While in some instances irrelevant matter may be incorporated into a charge to the jury without prejudice, such is not the case where the evidence is close and the issues such that the parties are entitled to have the law applicable thereto stated without ambiguity or confusion with extraneous matter.

2. A charge which limits the jury to consideration of the evidence offered by one side only as to a certain issue, is erroneous and clearly prejudicial, as is also the statement that "if you find from a preponderance of the defendant's evidence" that the plaintiff did so and so, "then he can not recover."

*Fulton & Woost*, for plaintiff in error.
*George J. Slaline* and *Matthews & Matthews,* contra.

JONES (E. H.), P. J.

This action was brought in the court below by Bryson Schy, a minor, against the Cincinnati Union Bethel, for damages caused by the falling of a portion of the fire escape on a building known as the Anna Louise Inn, which building was occupied by and under the control, at the time of the accident, of the Cincinnati Union Bethel, the plantiff in error in this court. There was a verdict for $1,500 in favor of the plaintiff, and upon a motion for new trial this was held to be excessive by the trial judge and was reduced to $1,200, for which sum the judgment was entered.

This proceeding in error is for the reversal of this judgment, and we find upon an examination of the record and the charge

of the court, that the judgment should be reversed for error in the charge. In order to understand our action it will be necessary to point out briefly the issue in the case.

The fire escape was constructed alongside of and attached to the building, and extended over the sidewalk. The lower section of the fire escape was held in a horizontal position by means of a wire rope to which was attached a weight. This portion of the fire escape was attached to the main fire escape by a joint, or hinge, at one end, and it was so balanced by said weight and wire rope that when occasion would arise to use the fire escape, those using the same, by stepping upon said suspended portion, would cause the same to gradually lower until the detached or unfastened end thereof would strike the sidewalk, thus permitting the person or persons using the same to reach the ground.

It is claimed that while passing along the sidewalk in company with two other boys, without any fault on their part this rope broke and thereby caused the fire escape, or said portion thereof so suspended, to fall and strike said Bryson Schy upon the head, inflicting a painful and serious injury.

The answer alleges that—

"Whatever injuries the plaintiff received, and of which he complains in this action, were received while trespassing upon the said fire escape and under and about the same, and directly in consequence of his illegal acts and trespasses in and upon the said building, and the illegal acts and trespasses of other boys then and there trespassing upon the said building, in which acts and trespasses the said Bryson Schy was then and there participating, and without any knowledge thereof on the part of the said defendant, and its officers, agents, or employes, and were wholly caused by said plaintiff thereby."

The iron fire escape had fallen, by reason of a defect in the rope, or some defect in its construction, or through the carelessness or mischievous conduct of the plaintiff and his associates in playing upon said fire escape, or in pulling down the same. The evidence upon this issue is conflicting. The plaintiff and one of his companions testify that they were doing nothing at the time except walking along the street, and

that the fall of the fire escape was sudden and wholly unexpected. They attempt to explain this rather unaccountable fall by showing that a strong wind was blowing at the time. The third boy testified that he attended the same school as the other two boys, and that he on the night of the accident was going with them to the Bethel; that they found a stick in the alley east of the Anna Louise Inn; that the boys had it in their hands and stuck it up against the fire escape; it was about six feet long and had a nail or hook on the end of it. He said, "both of them got hold of it when they pulled it down." Mrs. Ethel King testified that she had seen the boys with a long stick near the scene of the accident.

We will not quote further from the evidence, but we are free to say from an examination of the entire evidence that we have great doubt that the verdict of the jury is supported by sufficient evidence, and are strongly inclined to the opinion that the jury's verdict was against the weight of the evidence. But we prefer to place the reversal of the judgment below upon the ground that the court erred in its charge to the jury, as before stated.

On page 148 of the bill of exceptions, the court charged the jury as follows:

"The plaintiff, Bryson Schy, as have all other citizens, had a perfect right to walk along the sidewalk at that place, and he would have a right to march along with a stick on his shoulder, provided he injured no person with it, or did not pull down such fire escape upon him."

Now there was really no question raised by the pleadings or the evidence in the case as to the right of Bryson Schy, or other citizens, to walk along the street "with a stick on his shoulder." The only complaint against Schy is that he and his companions were trespassing upon the property (fire escape) of the defendant and while so trespassing they carried a long stick; neither was there any charge that he had injured any person with the stick. The court cannot see the purpose of this language in the charge; it evidently had no function to fulfill. True it is that irrelevant matter may be inserted harmlessly

in a charge, but in a close case upon the facts such as this was, the parties are entitled to have a clear and unambiguous charge stating the law applicable to the issues, the evidence and the facts to be determined by the jury. The inference to be drawn from this language of the court is that there was some issue as to the right of these boys to carry a stick along the street, which was not the case.

But we think this paragraph above quoted is followed immediately on the same page by language exceedingly prejudicial to the defendant, and more clearly erroneuos. We quote:

"If you find by a preponderance of the defendant's evidence that Bryson used a stick and pulled this fire escape down, and that was the proximate cause of his injuries, he cannot recover. But, on the other hand, if you find from that evidence that while Bryson was walking along the street with his companions, this fire escape fell and he was injured, he can recover, and it will be your duty to return a verdict for the plantiff."

In determining whether or not a stick was used the jury were not limited to the evidence of the defendant, as stated by the court in this portion of the charge. Furthermore, the plaintiff was required to make out his case by a preponderance of the evidence, and it was not incumbent upon the defendant to furnish a preponderance of the evidence that the stick was used. It may well be that some of the evidence offered on behalf of the plaintiff would be taken by the jury in determining that fact, or the plantiffs evidence may have raised some presumption of negligence on his own part. In any event, limitation in this portion of the charge to the defendant's evidence, and especially the requirement that the defendant furnish a preponderance of evidence to support its defense, was erroneous and clearly prejudicial to the rights of the defendant in the case. It will be noted that the trial judge carries that same error into the next sentence when he says:

"But, on the other hand, if you find from *that* evidence" (which means defendant's evidence) "that while Bryson was walking along the street with his companions, this fire escape fell and he was injured, he can recover," etc.

This last sentence is prejudicial in two reespects: first, as already indicated, in the use of the words "*that* evidence" thus placing the burden upon the defendant and excluding any benefit that might be derived from the plaintiff's evidence; second, the language used is a statement of the doctrine of *res ipsa loquitur*, which no doubt applies in this case, but as in all cases this language should have been qualified by a charge to the effect that if the defect which caused the fire escape to fall was undiscoverable in the exercise of ordinary care or was one which a reasonably prudent person would not have seen or observed, then the plantiff should not recover. We think the act of the trial judge in stopping with this strong statement in favor of the plantiff without the necessary modification above referred to was clearly erroneous and prejudicial.

It is true that counsel for defendant, after the charge was concluded, requested an instruction from the court covering the above criticism, and the court said:

"I will say to you, gentlemen of the jury, that where a corporation or a person builds a fire escape over the sidewalk, and if in the exercise of that care which prudent persons under those circumstances, where the public are continually passing underneath it, by the use of ordinary care in the examination of it would not discover any latent defect in it, and there was such latent defect, which they could not discover by the use of ordinary care, which caused it to break and caused the injury, then of course the plaintiff cannot recover."

What the court here says should have followed, in more concise language, the paragraph before quoted. At the time this was given to the jury the general charge had been completed, and counsel for the defense made the request for this instruction when asked by the court for suggestions.

In view of the conflicting evidence in this case and the doubt as to which side has the weight thereof, we hold that the error of the court in stating to the jury that if while Bryson was walking along the street the fire escape fell and he was injured he can recover, without any explanation of conditions immediately given or stated in the same connection, was preju-

dicial and influenced the jury in arriving at the verdict in this case.

Judgment below will therefore be reversed for errors in the charge, as above pointed out.

JONES (OLIVER B.), J., and GORMAN, J., concur.